UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| READY FOR RON, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 22-3282 (RDM) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | JOINT STATUS REPORT |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated December 22, 2022, the parties submit the following Joint Status Report. The parties conferred by telephone regarding the briefing schedule for Plaintiff's Motion for Preliminary Injunction as directed by the Court on December 22, 2022.

I.  Plaintiff Ready for Ron's Position:

Plaintiff Ready for Ron ("RFR") filed its Motion for Preliminary Injunction on Wednesday, December 21, 2022. Pursuant to this Court's Minute Order, RFR initially proposed that Defendant FEC file its opposition brief **27 days later** on **Tuesday, January 17, 2023.** RFR would then file its reply brief two weeks later, on January 31, 2023. When the FEC refused that offer, as a gesture of good faith, RFR proposed that the FEC file its brief on **Friday, January 20, 2023**, which is **30 days** after RFR's motion was filed, with RFR's reply brief due on Friday, February 3, 3023. Again, the FEC refused. As explained below, the FEC insists on filing its brief on Friday, February 10, 2023, or a total of 51 days after RFR filed its motion.

RFR has demonstrated its willingness to negotiate a briefing schedule with opposing counsel in good faith. Undersigned counsel has done so with counsel for the Commission on

numerous occasions over the years, accommodating any conflicts and proceeding with professionalism and respect without judicial involvement. In this case, however, the FEC has refused to budge from its patently unreasonable position.

D.C. local rules specify that an opposition brief to a motion for preliminary injunction must be filed within **7 days** after the underlying motion is filed. *See* D.C. L. Cv. R. 65.1(c). Since RFR has not invoked D.C. L. Cv. R. 65.1(d)'s expedited hearing provisions, and particularly due to the impending holidays, RFR has never invoked or insisted on this deadline. The general deadline for filing an opposition brief to a motion is 14 days after the motion is filed. *See* D.C. L. Cv. R. 7(b). RFR has proposed a period of more than **double** that default deadline—Friday, January 20, 2023, which would be 30 days after RFR filed its motion. Indeed, RFR's proposed deadline would give the Commission more than two weeks after the holidays to prepare its brief. The FEC's requested deadline of February 10, in contrast, would be 51 days after the motion was filed. That is more than three times the standard period for opposition briefs contemplated by the rules.

The FEC explains that, like most other practicing litigators, it has several other pending cases. Yet it chose to devote time and resources to researching and drafting what is essentially a five-page brief—complete with case citations and quotes—explaining why it doesn't have time to research and draft an opposition brief for the pending preliminary injunction motion. Much of the Commission's analysis focuses on why D.C. L. Cv. R. 65.1(c)'s expedited timeline should not apply—an irrelevant point since, as explained above, RFR has never sought to invoke that rule or expedited deadline.

The FEC also spends much of its submission complaining that RFR did not file its Complaint in this case until nearly three months after the FEC issued its advisory opinion in this case. That period is overstated, however, as the Commission had 30 days following the issuance

of its advisory opinion in which to *sua sponte* reconsider that opinion "upon the motion of a Commissioner who voted with the majority." *See* 11 C.F.R. § 112.6(b). Moreover, RFR could not file this Complaint and pursue equitable relief until its claim was justiciable and ripe, and it faced imminent harm from the Commission's advisory opinion. In any event, the Commission does not seriously suggest that it would have sought less briefing time if RFR had filed the Complaint sooner.

Perhaps most importantly, Defendant's attorneys, the FEC Office of General Counsel ("OGC") cannot claim to be sandbagged by the issues raised in RFR's motion. OGC presumably provided the Commission with legal advice concerning the advisory opinion at issue in this case. The constitutional and legal issues that RFR presented in its Motion for Preliminary Injunction were laid out in great detail in RFR's submissions to OGC in connection with its advisory opinion request. RFR's most recent submissions in the matter were filed with OGC back in August. Moreover, the Complaint in this case set forth RFR's legal arguments, including the key authorities, in substantial detail. RFR served that Complaint on OGC on November 4, 2022. Thus, RFR presented the arguments in its motion to OGC well before that motion was filed.

Finally, the Commission dismissively brushes aside the fact that, as things currently stand, the Commission's advisory opinion is chilling RFR from exercising its constitutional and statutory rights. Political events are fast-moving, but under the FEC's proposed schedule RFR could not realistically expect to provide its signed petition to Governor DeSantis without fear of administrative complaints, civil penalties, or even criminal prosecution until March at the earliest.

For these reasons, RFR respectfully requests this Court order the Commission to file an opposition brief by Friday, January 20, 2023, and RFR to file its reply by Friday, February 3, 2023.

II.     Defendant Federal Election Commission's Position:

Plaintiff waited nearly three months after the agency action which purportedly necessitates preliminary relief to file its Motion for Preliminary Injunction (the "Motion") during the heart of the holiday season and claims that the complexity of the Motion required such time. Plaintiff's substantial delay in filing its Motion is sufficient evidence that it will not be prejudiced by an enlarged period of time for the Commission's response. Its rationale for the delay also supports an extended period for preparation of a response. In addition, the Commission's Litigation Division attorneys have pre-planned vacations in the coming weeks, as is customary during the holiday period. And as detailed *infra*, the Commission's three full-time Litigation Division staff attorneys are engaged in several court proceedings with multiple deadlines prescribed by the federal rules in the months of January and early February 2023, which require extensive briefing and other preparation. The Commission accordingly requests that its response to plaintiff's Motion, which was filed with a 45-page supporting brief (Docket No. 8-1) and followed a 42-page Complaint (Docket No. 1), be due on Friday, February 10, 2023. This deadline will provide the Commission with a fair and adequate opportunity to evaluate plaintiff's Motion and provide a considered response to aid the Court in this matter of substantial public importance.

The Commission's proposed deadline serves basic principles of equity, and it will not prejudice plaintiff. 84 days elapsed between the Commission's issuing of Advisory Opinion 2022-12 (the subject of this litigation) on September 28, 2022, and plaintiff's filing of its Motion on December 21, 2022. Plaintiff does not account for this delay in its Motion. When the parties conferred on December 22, 2022, counsel for plaintiff stated that its timing for filing its Motion was a function of counsel's ability to "get the work done" of drafting the long motion, and that counsel had gotten to it as "quickly" as they could. While the Commission does not doubt the earnestness of counsel's efforts, this delay merely underscores the complexity of the underlying

issues and the need for the Commission, no less than plaintiff, to fully evaluate and brief its position. Plaintiff, after all, made extensive submissions to the FEC during the advisory opinion process and yet still required 84 days to prepare its preliminary injunction motion. The Commission seeks approximately 60% of the time that plaintiff benefitted from for its drafting. Furthermore, when counsel for the Commission asked how plaintiff will be prejudiced by a marginal increase in the Commission's deadline for its response, counsel for plaintiff pointed to no concrete reason beyond its contested assertion that plaintiff is currently being deprived of First Amendment rights. In sum, plaintiff has provided no reason to believe it would suffer any cognizable harm from the Commission's proposed deadline, and certainly no reason that would overcome the inequity of providing the Commission with dramatically fewer days than plaintiff to prepare its response, which the Commission will be required to prepare during the holiday period with limited resources.

As noted, the Commission is currently engaged in several active litigation matters, and its limited Litigation Division staff are needed to address other pressing and court deadlines for at least the next several weeks. Specifically, in addition to the January 27 responsive pleading in this case, the Commission notes the following deadlines in its other cases:

- *Palmer v. FEC*, Civ. No. 22-2876 (D.D.C.)
    - Jan. 3, 2023 – Responsive Pleading Deadline[1]
- *CREW v. FEC*, Civ. No. 22-3281 (D.D.C.)
    - Jan. 6, 2023 – Responsive Pleading Deadline
- *National Republican Senatorial Committee, et al. v. FEC*, Civ. No. 22-639 (S.D. Ohio)
    - Jan. 9, 2023 – Responsive Pleading Deadline in case filed under 52 U.S.C. § 30110, which requires record-building and consideration of certification of constitutional questions to the *en banc* Court of Appeals "immediately"

---

[1]   The Commission further notes that, for several of the listed matters, the Commission will have a reply in support of its motion to dismiss due in late January or early February, in the event it elects to respond to the Complaint in these matters with a motion to dismiss the complaint.

- *Campaign Legal Center v. FEC*, Civ. No. 22-3319 (D.D.C.)
    - Jan. 13, 2023 – Responsive Pleading Deadline
- *Freedman v. FEC*, Civ. No. 22-1542 (D.D.C.)
    - Jan. 17, 2023 – Responsive Pleading Deadline
- *Stein, et al. v. FEC*, Civ. No. 21-1213 (D.C. Cir.)
    - Jan. 18, 2023 – Oral Argument
- *Castro v. FEC*, Civ. No. 22-5323 (D.C. Cir.)
    - Jan. 23, 2023 – Dispositive Motion Deadline
- *Common Cause Georgia v. FEC*, Civ. No. 22-3067 (D.D.C.)
    - Jan 24, 2023 – Certify contents of administrative record and provide record to plaintiff
- *NRA Political Victory Fund, et al. v. FEC*, Civ. No. 22-1017 (D.D.C.)
    - Feb. 8, 2023 – Reply in Support of Motion for Summary Judgment

None of the FEC's preexisting court deadlines were set following long periods of discretionary time and a holiday-season motion by a plaintiff. The Commission again notes that these collective obligations must be met by three full-time Litigation Division staff attorneys. This, of course, is not a comprehensive list of the obligations and responsibilities of Litigation Division attorneys during this timeframe, and necessarily does not reflect any obligations that arise in the interim.

  Finally, the 51 days the Commission requests for its response, to be filed on February 10, 2023, will aid the Court by allowing for careful analysis and adequate, considered briefing on a matter of substantial public importance. This District's default rule, that opposition to a request for a preliminary injunction shall normally be served one week following such request, LCvR 65.1(c), is premised on the assumption that the moving party has both a strong argument likely to succeed on the merits and will suffer "irreparable harm" absent swift action by the court. *Curran v. Holder*, 626 F. Supp. 2d 30, 35–36 (D.D.C. 2009). However, the Court need not make such assumptions in plaintiff's favor where "Plaintiff's prosecution of her case . . . has shown that the

normal expeditious consideration that the Court would give to a motion for a preliminary injunction [is] unnecessary." *Id.* (denying motion for preliminary injunction). Here, plaintiff's delay of 84 days from the Commission's issuance of Advisory Opinion 2022-12 to plaintiff's filing of the Motion (55 days from the filing of its Complaint on October 27, 2022) is sufficient evidence that plaintiff is not entitled to the "normal expeditious consideration" that the Court might otherwise afford such a motion.[2] *Id.* Furthermore, plaintiff does not and cannot dispute that the statute and regulation it seeks to enjoin have been in place for decades, and that plaintiff has not yet taken any action that would subject it to any penalty. *See* Motion at 4 ("RFR *wishes to* present the signed petition, including the names and contact information provided by its signatories, to Governor DeSantis[.]") (emphasis added). Extending the briefing schedule beyond the default provided for in the local rules is permissible and advisable where "no prejudice would result." *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 10 (D.D.C. 2009). By providing the Commission with adequate time to respond to plaintiff's Motion, the Court will ensure that it is not rushed to judgment on a matter of substantial public importance, particularly where it concerns the election of the President of the United States, and at least some of plaintiff's hypothetical courses of action have been unanimously declared unlawful by all six FEC Commissioners.

The Commission does not oppose plaintiff's request to file a reply to the Commission's response to the Motion, due two weeks following the Commission's response. Under the Commission's requested schedule, the Commission's response would be due February 10, 2023, and plaintiff's reply due February 24, 2023.

---

[2]   If the Court has any doubt on this point despite plaintiff's delay, it may request information from the parties in order "to determine an appropriate briefing schedule[.]" *Church v. Biden*, 573 F.Supp.3d 118, 131 n.20 (D.D.C. 2021).

Respectfully submitted,

| | |
|---|---|
| */s/ Dan Backer* | Lisa J. Stevenson (D.C. Bar No. 457628) |
| Dan Backer, Esq. (D.C. Bar. No. 996641) | Acting General Counsel |
| Chalmers & Adams LLC | lstevenson@fec.gov |
| 441 N. Lee Street, Suite 300 | |
| Alexandria, VA  22314 | Kevin Deeley |
| (202) 210-5431 | Associate General Counsel |
| dbacker@ChalmersAdams.com | kdeeley@fec.gov |
| | |
| Lilian Rodriguez-Baz, Esq.* | Jacob S. Siler |
| Chief Legal Counsel, Ready for Ron | Assistant General Counsel |
| 66 W. Flagler Street, Suite 900 | jsiler@fec.gov |
| Miami, FL  33130 | |
| (561) 291-8987 | */s/ Christopher H. Bell* |
| Lilian@ReadyforRon.com | Christopher H. Bell (D.C. Bar No. 1643526) |
| | Attorney |
| *Motion for pro hac vice admission forthcoming | chbell@fec.gov |
| | FEDERAL ELECTION COMMISSION |
| *Counsel for Plaintiff Ready for Ron* | 1050 First St. N.E. |
| | Washington, DC 20463 |
| | 202-694-1650 |
| | *Counsel for Defendant* |