UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| READY FOR RON, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 22-3282 (RDM) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | OPPOSITION TO MOTION |
| | ) | |
| Defendant. | ) | |

**FEDERAL ELECTION COMMISSION'S OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF ITS REPLY MEMORANDUM OF LAW CONCERNING ITS PRELIMINARY INJUNCTION**

Defendant Federal Election Commission ("FEC" or "Commission") hereby opposes plaintiff Ready for Ron's ("RFR") Motion for Leave to File Supplemental Declaration in Support of Its Reply Memorandum of Law Concerning its Preliminary Injunction (Docket No. 19) (the "Motion"). The Commission's Consent Motion to Strike (Docket No. 18) requested that this Court strike from the record the declaration of Gabriel Llanes (Docket No. 17-1) because it did not comply with Local Rule of Civil Procedure 65.1(c), and because including this previously undisclosed declaration with its reply deprived the Commission of the opportunity to respond in writing.  Docket No. 18 at 1-2.  The Commission opposes plaintiff's Motion for these same reasons, and because plaintiff's Motion has not provided a valid ground to supplement in this case.

Plaintiff's Motion largely provides improper further argument on its Motion for Preliminary Injunction (Docket No. 8).  To the extent plaintiff believes the Commission has made any "improper factual assertions" in its opposition to plaintiff's request for a preliminary

injunction (Motion at 4), plaintiff had every opportunity to make that argument in its reply; it needed no supplemental declaration to do so. Indeed, plaintiff's Motion does not even connect some of the supposedly unsupported assertions about which RFR complains to the contents of the proposed supplemental declaration. (*See id.* citing the FEC's assertion that "RFR has a far more active role than a mere conduit").

Furthermore, even assuming arguendo that information contained in the supplemental declaration is relevant to plaintiff's Motion for Preliminary Injunction, it is plaintiff who has requested this extraordinary relief from the Court, and plaintiff who bears the responsibility of including with its initial request "all affidavits on which the plaintiff intends to rely." LCvR 65.1(c). The subject matter addressed in the proposed second Llanes Declaration regards issues that could have reasonably been anticipated by plaintiff, particularly in light of the nearly three months which elapsed between the challenged agency action (the issuing of Advisory Opinion 2022-12) and plaintiff's Motion for Preliminary Injunction. It could hardly have been surprising to plaintiff that the Commission would argue that the petition plaintiff created and contact information it compiled to provide to Governor DeSantis was valuable, and that plaintiff's efforts increased that value, when those issues were the subject of extensive argument before the Commission. (*See* Docket No. 1-11, at 8-9.) There is, therefore, no reason plaintiff could not have included any of this proposed information in its initial application. Indeed, many of the topics were included in the original supportive declaration, such as plaintiff's publicity efforts, the mechanics of its efforts to compile contact information for supporters of Governor DeSantis, and information about the value of ordinary mailing lists. (*See* Docket No. 8-2.) The Motion is an effort to have a second unjustified opportunity to provide evidence regarding those topics after the filing of the Commission's opposition. In short, plaintiff has not comported with the

expectations of parties that seek to occupy courts' immediate attention, including supporting their motion with all affidavits on which they intend to rely.

For the foregoing reasons, the Commission requests that plaintiff's Motion be denied.

Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | Jacob Siler (D.C. Bar No. 1003383)<br>Assistant General Counsel<br>jsiler@fec.gov |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | /s/ *Christopher H. Bell*<br>Christopher H. Bell (D.C. Bar No. 1643526)<br>Attorney<br>chbell@fec.gov |
| February 27, 2023 | FEDERAL ELECTION COMMISSION<br>1050 First Street NE<br>Washington, DC 20463<br>(202) 694-1650 |

## CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2023, I served the foregoing pursuant to Fed. R. Civ. P. 5(b)(2)(E) on counsel of record, as a registered ECF user, through the Court's ECF system.

      */s/ Christopher H. Bell*
Christopher H. Bell (D.C. Bar No. 1643526)
Attorney
chbell@fec.gov